UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SANDUSKY,

    Plaintiff,

v.

SARAH ALBERS, *et al.*,

    Defendants.
    _____/

Case No. 18-11533

Honorable Nancy G. Edmunds

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE AND EXTENSION OF TIME TO EFFECT SERVICE [10]

### I. BACKGROUND

This matter is presently before the Court on Plaintiff's Motion for Substituted Service and Extension of Time to Effect Service. (Dkt. # 10). Plaintiff requests that the Court permit that the summons and complaint be served upon Defendant E. Bacon by affixing the documents to Defendant's door by way of posting at her last known address. Plaintiff further requests that the Court extend the time to serve the summonses and complaint upon Defendants E. Bacon, W. Johnson, D. Morgan, R. Washington, and D. Holyfield by 30 days.

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 4(m) requires service within 90 days after a complaint is filed:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The plaintiff has the burden of establishing good cause, and the determination of good cause is left to the sound discretion of the district court. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

Federal Rule of Civil Procedure 4 also sets forth the rules for serving individuals in subsection (e) and provides that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). An individual may also be served by delivering a copy of the summons and complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

Under Michigan law, an individual may be served by "delivering a summons and a copy of the complaint to the defendant personally," or by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail." Mich. Ct. R. 2.105(A). The Michigan rule also provides that, "[o]n a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Id.* at 2.105(I)(1).

"To obtain permission for alternate service, the plaintiff must establish (1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is

2

likely to give actual notice." *United States v. Szaflarski*, No. CIV. 11-10275, 2011 WL 2669478, at *1 (E.D. Mich. July 7, 2011).

## III. ANALYSIS

In this case, Plaintiff retained the services of a process server to identify the current addresses of Defendants. Plaintiff has attempted unsuccessfully to serve Defendant E. Bacon five times at 14169 Warwick, Detroit, MI 48223. *See* Dkt. # 10, Pg ID 167-68. According to a letter from the process server, a search of commercial data bases indicates 14169 Warwick as E. Bacon's likely address. The service attempts were made at varying times throughout the day. Each time service was attempted, there was "no answer" at the address. On one of the attempts, there were two cars in the driveway. The process server left a card on the door each time, and each card was gone the next time the process server returned. The process server has also attempted calling E. Bacon at several associated telephone numbers. Nevertheless, the process server has not made contact with E. Bacon, and E. Bacon has not called the process server back. Plaintiff maintains that E. Bacon is attempting to evade service.

Under these circumstances, the Court agrees that E. Bacon appears to be aware of attempts to serve her with this lawsuit and is seemingly evading service. The Court will grant Plaintiff's request to alternatively serve E. Bacon because the Court finds that service of process cannot reasonably be made as provided in the rules discussed above. The Court concludes that the proposed alternate method is likely and reasonably calculated to give E. Bacon actual notice of the proceedings in this Court and an opportunity to be heard.

According to Plaintiff's motion, Plaintiff has recently discovered through the records of the Wayne County Probate Court that Defendant W. Johnson is a legally incapacitated

individual, and Plaintiff is attempting to locate the Conservator / Guardian for service. Plaintiff further states that the process server has been having difficulty narrowing down Defendant D. Morgan's address because of the commonness of his name. Although the summonses and complaint for W. Johnson and D. Morgan were sent to the Detroit Police Department, Second Precinct via certified mail, Plaintiff was informed that Defendants Bacon, Johnson, and Morgan are no longer employed there.

Plaintiff also sent certified letters containing the summonses and complaint to Defendants R. Washington and D. Holyfield at the Detroit Police Department, Second Precinct. According to the USPS tracking information, these letters were unable to be forwarded to Defendants, so Plaintiff believed that Washington and Holyfield were no longer employed there. However, Plaintiff has recently discovered that Washington and Holyfield are still employees at the Detroit Police Department, Second Precinct.

The Court finds that Plaintiff has made a showing of good cause to extend the time to serve the summonses and complaint and reissue the summonses for Defendants Bacon, Johnson, Morgan, Washington, and Holyfield. The Court will grant the request and extend the time to serve the summonses and complaint for a period of 30 days.

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion for Substituted Service and Extension of Time to Effect Service (Dkt. # 10) is GRANTED. **Plaintiff must make the appropriate request for new summonses to be issued from the Clerk's Office. The summonses shall expire on September 21, 2018.**

IT IS FURTHER ORDERED that Plaintiff may serve Defendant E. Bacon with the summons and complaint by:

(A) Posting a copy thereof, along with a copy of this motion and order for alternate service, at Defendant E. Bacon's residence at 14169 Warwick, Detroit, MI 48223;

(B) Mailing copies of the same by certified mail (return receipt requested) to Defendant E. Bacon's residence noted above; and

(C) Mailing copies of the same by first class mail to Defendant E. Bacon's residence noted above.

Plaintiff shall file a certificate confirming service as provided herein on or before **September 21, 2018**.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 22, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 22, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager